# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1328
_____

Tony L. Eaton

*Plaintiff - Appellant*

v.

WCA Waste Corporation; Waste Corporation of Arkansas, LLC; WCA
Management Co., L.P.

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena
_____

Submitted: November 20, 2014
Filed: December 2, 2014
[Unpublished]
_____

Before GRUENDER, BENTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

Tony Eaton appeals the district court's[1] adverse grant of summary judgment in his Title VII action. Upon careful de novo review of the record, we affirm on the

---

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.

following grounds.  See Ellis v. Houston, 742 F.3d 307, 318 (8th Cir. 2014) (standard of review); see also Spirtas Co. v. Nautilus Ins. Co., 715 F.3d 667, 670-71 (8th Cir. 2013) (appellate court may affirm on any basis supported by record).  First, we conclude that the summary judgment evidence showed WCA Waste Corporation was not a proper defendant under Title VII, and therefore judgment in its favor was appropriate.  See 42 U.S.C. § 2000e(b) (defining "employer" under Title VII); Davis v. Ricketts, 765 F.3d 823, 826-29 (8th Cir. 2014) (Title VII imposes liability for employment discrimination only on employer; setting forth factors court considers in determining whether evidence is sufficient to overcome presumption of corporate separateness).  Second, we conclude that Eaton has waived any challenge to the district court's separate order granting summary judgment in favor of Waste Corporation of Arkansas, LLC, and WCA Management Co., L.P.  See Fed. R. App. P. 28(a)(6) (appellant's brief must contain concise statement of case setting out facts relevant to issues submitted for review, describing relevant procedural history, and identifying ruling presented for review); cf. Meyers v. Starke, 420 F.3d 738, 742-43 (8th Cir. 2005) (to be reviewable, issue must be presented in brief with some specificity, and failure to do so can result in waiver).

Accordingly, we affirm.  We also deny defendants' motion to strike.

_____